IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHALL RAY SHELLS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-14-1223-D |
| | ) |
| X-SPINE SYSTEMS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court are two motions to dismiss Plaintiff's pleading, filed pursuant to Fed. R. Civ. P. 12(b)(6). Because the motions raise similar issues, they are taken up together. Plaintiff has timely responded in opposition to the motions, which are fully briefed.

**Factual and Procedural Background**

This case concerns the alleged failure of a medical device surgically implanted in Plaintiff's spine in March 2009, and replaced in a subsequent surgery in January 2014. Plaintiff alleges that Defendants manufactured, designed, marketed, or distributed a defective product that caused the surgical screws to fracture, requiring removal and causing personal injury. Plaintiff filed suit against three defendants in state court on October 1, 2014, asserting claims of manufacturer's products liability and negligence. The case was timely removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and Plaintiff voluntarily dismissed one defendant.[1] The remaining defendants, X-Spine Systems, Inc. ("X-

---

[1] Defendant Surgical Innovations, LLC was dismissed by Order of January 7, 2015 [Doc. No. 23].

Spine") and TeDan Surgical Innovations, LLC ("TeDan"), now challenge the sufficiency of Plaintiff's state-court petition to state a claim on which relief can be granted under federal pleading standards.[2]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in judging the sufficiency of a pleading, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

---

[2] After removal, the case is governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c)(1).

## Plaintiff's Allegations

Plaintiff alleges he had surgery on his cervical spine on March 3, 2009, in Muskogee, Oklahoma, and "[a]s part of the surgical process, certain . . . instrumentation that were [sic] manufactured and/or designed and/or supplied by the Defendant X-Spine and/or . . . by the Defendant TeDan, including screws[,] were installed or implanted in [Plaintiff's] spine and affixed to the bony structures by his doctors." *See* Petition [Doc. No. 1-1], ¶ 6. Plaintiff further alleges he discovered in January 2014 that "in spite of the proper surgical placement of . . . Defendants' products, at least one or more of the subject screws contained unreasonably dangerous and defective conditions or characteristics . . . so as to cause said screws to fracture while implanted in the Plaintiff." *Id*. ¶ 7. On January 27, 2014, Plaintiff "underwent a subsequent surgical procedure . . . in Oklahoma City, Oklahoma, whereby the subject X-Spine and/or . . . TeDan instrumentation, including fractured screw(s), were removed and new surgical hardware . . . and/or additional instrumentation was placed in Plaintiff." *Id*. ¶ 8.

Plaintiff claims that Defendants manufactured, designed, marketed, sold, and distributed "the subject instrumentation, including screws;" that "[t]he subject surgical screws were defective in that the screws would shear and/or fracture during normal, foreseeable, and intended use;" and that "[t]he defects and/or unreasonably dangerous characteristics were the direct result of manufacturing, design, and/or quality testing processes of the Defendant X-Spine and/or . . . the Defendant TeDan." *Id*. ¶¶ 9-10. Plaintiff allegedly suffered damages "[a]s a direct and proximate result of the defective product and/or

component parts of the subject product of the Defendant(s)." *Id.* ¶ 11. In addition, Plaintiff claims Defendants owed him a duty "to properly design, manufacture and distribute the . . . instrumentation/subject product(s)" and that "the subject product fractured or broke as a direct result of [Defendants'] acts and/or conduct and/or omissions relative to the design, manufacture, quality assurance measures, and/or distribution of the defective product(s) and/or instrumentation, including but not limited to the screw(s)." *Id.* ¶¶ 12-13. Plaintiff allegedly suffered his injuries as a result of Defendants' negligence and through no fault of his own.

### Defendants' Motions

By their Motions, Defendants contend Plaintiff's petition is insufficient to state a plausible claim of manufacturer's products liability or negligence because it is unclear what hardware or instrumentation is the subject of Plaintiff's claims, how the unidentified product was defective, or how Defendants breached any duty of care to Plaintiff. Defendants argue that the petition contains only conclusory allegations and does not allege any facts from which a plausible claim against either of them can be found. In almost identical response briefs, Plaintiff argues that his pleading adequately states claims of negligence and strict products liability against both Defendants based on allegations of fractured screws implanted in Plaintiff that were "probably manufactured" by one of them and had to be removed. *See* Pl.'s Resp. X-Spine's Mot. Dism. [Doc. No. 14], p.9; Pl.'s Resp. TeDan's Mot. Dism. [Doc. No. 18], p.8.

**Discussion**

Upon examination of Plaintiff's pleading under the standard required by *Twombly* and *Iqbal*, the Court agrees with Defendants that the petition lacks sufficient factual allegations to state a plausible claim of strict products liability or negligence. To prevail on a products liability claim, Plaintiff must establish that the defendant's product was the cause of injury, that a defect existed in the product at the time it left the defendant's possession and control, and "that the defect made the article unreasonably dangerous to [Plaintiff] . . . as the term 'unreasonably dangerous' is [legally] defined." *See Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974). To establish negligence, a plaintiff must show "the existence of a duty owed by the defendant to the plaintiff to use ordinary care, a breach of that duty, and an injury proximately caused by the defendant's breach of duty." *See Comer v. Preferred Risk Mut. Ins. Co.*, 991 P.2d 1006, 1010 (Okla. 1999). Fair notice of the basis of Plaintiff's claims may be particularly important in the case of a medical device to which the Medical Device Amendments to the Food, Drug, and Cosmetic Act apply because federal law preempts state law requirements that are "different from, or in addition to" federal requirements. *See Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324-25 (2008); 21 U.S.C. § 360k.

Here, the petition alleges only that some unspecified "instrumentation" or "subject product" utilizing surgical screws was defective in some unspecified manner, causing the screws to fracture or break. Contrary to argument in Plaintiff's brief, the petition does not allege that Defendants manufactured any particular product, much less the allegedly defective screws. The petition lacks supporting factual allegations that would be "entitled

to the assumption of truth" and would establish a plausible entitlement to relief from either Defendant. *See Iqbal*, 556 U.S. at 680-81. The Court recognizes that "[c]ontext matters in notice pleading. . . . A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. However, due to the vagueness of Plaintiff's conclusory allegations, the Court cannot ascertain who is alleged to have done what to cause any injury to Plaintiff.

In short, the Court finds that Plaintiff's pleading fails to provide fair notice of the nature of his claims against Defendants, and prevents them from framing an intelligent answer or other response.

## Conclusion

For these reasons, the Court concludes that the petition fails to state a claim upon which relief can be granted, but that Plaintiff should have an opportunity to amend his pleading to supply additional factual allegations to support his asserted theories of recovery.

IT IS THEREFORE ORDERED that Defendant X-Spine Systems, Inc.'s Motion to Dismiss [Doc. No. 5] and Defendant TeDan Surgical Innovation, LLC's Motion to Dismiss [Doc. No. 17] are GRANTED. Plaintiff may file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this  20th  day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE