IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARSHALL RAY SHELLS,           )
                               )
        Plaintiffs,             )
                               )
v.                             )    Case No. CIV-14-1223-D
                               )
X-SPINE SYSTEMS, INC., *et al*., )
                               )
        Defendants.             )

# **O R D E R**

Before the Court is Defendant X-spine Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 30], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has timely opposed the Motion, and the time for filing a reply brief has expired.

The Amended Complaint was timely filed following the Order of February 20, 2015, granting Rule 12(b)(6) motions challenging the sufficiency of Plaintiff's original pleading. The Amended Complaint narrowed Plaintiff's case to two defendants, one of which Plaintiff subsequently dismissed. X-spine Systems, Inc. ("X-spine") is the sole remaining defendant. The factual and procedural history set out in the February 20 Order, as well as the standard of decision and the substantive rules of governing law remains applicable, and, will not be repeated here.

In the Motion, X-spine asserts that Plaintiff has failed to cure deficiencies in his original pleading identified in the February 20 Order. There, the Court found that the conclusory allegations of Plaintiff's state-court petition "fail[ed] to provide fair notice of the nature of his claims against Defendants, and prevent[ed] them from framing an intelligent

answer or other response." *See* 2/20/15 Order [Doc. No. 26], p.6. Specifically, the petition did not sufficiently identify the product at issue or the alleged defect, and left unclear "who is alleged to have done what to cause any injury to Plaintiff." *Id.*

The Amended Complaint states that Plaintiff had surgery on his cervical spine in March 2009 and his doctors implanted "certain medical hardware manufactured, designed or supplied by X-Spine . . . , including the screws necessary to affix said hardware to the bony structures of his spine." *See* Am. Compl. [Doc. No. 27], ¶ 5. Plaintiff allegedly discovered in November 2013 "that, in spite of the proper surgical placement of the medical hardware, one of the screws had fractured, resulting in destabilization of the hardware to such an extent as . . . to require removal of the hardware and replacement with new hardware." *Id.* ¶ 6. On January 27, 2014, Plaintiff "underwent a subsequent surgical procedure . . . wherein the X-Spine . . . medical hardware, including fractured screw, was removed." *Id.* ¶ 7. The Amended Complaint states: "The subject surgical screw was defective in that the screw sheared and/or fractured during normal, foreseeable, and intended use. The defect(s) and/or unreasonably dangerous characteristics were the direct result of manufacturing, design, and/or quality testing processes of X-Spine." *Id.* ¶ 9. Plaintiff claims he suffered permanent injuries and damages "[a]s a direct and proximate result of the defective and/or unreasonably dangerous properties of the screw that fractured due to the acts and/or omissions of X-Spine." *Id.* ¶ 10.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Context matters in notice pleading. . . . A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins v. Oklahoma*, 519 F. 3d 1242, 1248 (10th Cir. 2008). Upon examination of the Amended Complaint, the Court finds that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under the liberal pleading standard of Rule 8(a), the Amended Complaint sufficiently states plausible claims against X-spine for strict products liability and negligence.

IT IS THEREFORE ORDERED that Defendant X-spine Systems, Inc.'s Motion to Dismiss [Doc. No. 30] is DENIED.

IT IS SO ORDERED this 17th day of April, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE